## HEINBACH v. DOUBLEDAY, PAGE & CO.

(Supreme Court, Appellate Division, First Department. January 8, 1909.)

1. BILLS AND NOTES (§ 525*)—ACTION ON NOTE—PLAINTIFF'S KNOWLEDGE OF IRREGULARITY—EVIDENCE—SUFFICIENCY.

Evidence *held* insufficient to sustain a finding that plaintiff indorsee of a note sued on knew of an irregularity therein.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 525.*]

2. TRIAL (§ 329*)—FINDINGS—BASIS.

A finding must be based on evidence, and cannot be sustained by mere conjecture or suspicion.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 774; Dec. Dig. § 329.*]

3. BILLS AND NOTES (§ 369*)—PURCHASERS—DEFENSES.

The maker of a note purporting to be for value received and negotiated before maturity cannot escape liability upon a mere guess that the holder knew at the time of the purchase of an agreement between the maker and the payee.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 369.*]

4. BILLS AND NOTES (§ 369*)—BONA FIDE HOLDERS—RIGHTS.

The holder of a note acquired before maturity for value is not affected by relations between his transferror and the payee, of which he had no knowledge.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 951; Dec. Dig. § 369.*]

Scott, J., dissenting.

Appeal from Trial Term, New York County.

Action by George M. Heinbach against Doubleday, Page & Co. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and LAUGHLIN, HOUGHTON, McLAUGHLIN, and SCOTT, JJ.

John S. Davenport, for appellant.
Dean Emery, for respondent.

McLAUGHLIN, J. This action was brought to recover upon a promissory note for $2,000, dated July 31, 1905, made by the defendant, and payable April 5, 1906, to the order of F. W. Shumaker, who indorsed and transferred it to one Dorsett, who, in turn, indorsed and transferred it to the plaintiff. The jury rendered a verdict in favor of the defendant, and from the judgment entered thereon, and from an order denying a motion for a new trial, plaintiff appeals.

The answer admitted the making and delivery of the note, but alleges as a defense that the same was one of a series of notes given to Shumaker in part payment of his interest in defendant's business, pursuant to an agreement for the purchase of such interest made in August, 1905, which modified a prior agreement; that, when the agreement was made, the value of Shumaker's interest could not definitely be ascertained, and the notes were given upon the express understanding and condition that Shumaker would hold and control them until about March 1, 1906, when the value of his interest in the

business was to be definitely fixed, determined, and then readjusted, and any notes representing an amount in excess of the actual value of such interest, as then determined, were to be surrendered and canceled; that about March 1, 1906, it was ascertained that the value of Shumaker's interest had been largely overestimated, and that the defendant could not safely pay the note in question without danger of over payment; that the defendant had been at all times ready to comply with the terms of the agreement, but that Shumaker refused to return any of the notes, or to consent to an accounting and a readjustment of his interest as he had agreed to do, and denied that he was under any obligation to do so. The answer also alleged that the plaintiff was not the real party in interest, that the note had not been transferred to him for value, and that he took it with notice of the agreement between the defendant and Shumaker.

At the trial the plaintiff offered in evidence the note, and then rested. The defendant then introduced a stipulation between the parties whereby it was agreed that, if this action had been brought by Shumaker, the facts set forth in certain paragraphs of the answer, relating to defendant and Shumaker, as substantially above stated, could be established, and that the stipulation might be offered in evidence with the same effect as though witnesses had been personally called. The stipulation having been received in evidence, the defendant rested, and the plaintiff thereupon assumed the burden of proving that he was a bona fide holder for value. His deposition was read, in which he testified that he paid Dorsett $1,975 for the note by check for that amount, dated March 24, 1906; that he purchased the note about the time the check was dated, and that no part of the $1,975 had been repaid to him in any way; that he had at that time no knowledge or information of the agreement between Shumaker and the defendant, and no notice whatever that the note was not unconditionally negotiable. The check was produced and offered in evidence, and the indorsements thereon show that it had been paid. Having offered this evidence, the plaintiff again rested, and thereupon the defendant read the testimony of Dorsett, whose deposition had been taken, and also the testimony of Shumaker, given in an action brought against the defendant by Dorsett on another of the notes. Dorsett denied that he informed the plaintiff in any way of the conditions attached to the notes, or that he himself had any knowledge or information of the agreement between Shumaker and the defendant; and Shumaker testified that he never told Dorsett of the agreement, or that he had any controversy with the defendant respecting the notes, stating that at the time the note was transferred to Dorsett the defendant had not questioned its liability thereon. He also denied the existence of any agreement with the defendant respecting his right to negotiate the notes.

These were the only witnesses, and their testimony was not contradicted. It, however, did appear from their testimony that Dorsett was an intimate friend of Shumaker, having known him upwards of 20 years, and that he purchased the note from him on the 2d of January, 1906, along with three others of the same series, which he transferred prior to maturity—one to his mother and the other two to

his real estate agent. Just what consideration Dorsett paid Shumaker for the four notes was not very clearly nor satisfactorily established. It also appeared that Dorsett and the plaintiff were brothers-in-law; that the check given for the note in suit was not deposited until March 30th, six days after its date; and that the plaintiff had not endeavored to enforce payment of the note against Shumaker or Dorsett. At the close of the case, therefore, the only evidence from which it could possibly be inferred that the plaintiff knew of any irregularity in the note is that he paid for it $25 less than its face value; that he was Dorsett's brother-in-law, and that he had not attempted to enforce collection against either Dorsett or Shumaker. This might be the basis for a conjecture—a mere suspicion—that the plaintiff, Dorsett, and Shumaker were acting together, and that the knowledge of one was the knowledge of all, but such conjecture or suspicion is insufficient to sustain the finding of a jury, which must be based upon evidence. The maker of a negotiable promissory note which on its face purports to be for value received, and negotiated before maturity, cannot escape liability upon what is at most a mere guess that the purchaser had knowledge at the time of the purchase of an agreement between the maker and payee. Commercial paper of this kind cannot be so easily destroyed. If it could, then there would be little or no safety in purchasing it. The verdict certainly is contrary to the great weight of evidence, if, indeed, it can be said to be supported by any evidence at all.

I am also of the opinion that the court erred in refusing to charge that:

"If the jury believe that Heinbach's testimony is true, then they have nothing to consider as to the relations between Shumaker and Dorsett."

If it be assumed that Dorsett had notice of the agreement between defendant and Shumaker, that did not prevent his conferring good title upon the plaintiff. If the plaintiff's testimony was true, then he was a holder in good faith, and whether or not Dorsett was such a holder was entirely immaterial. He acquired the note before it was due. He paid value for it, and the relation between Shumaker and Dorsett in no way prevented his enforcing payment.

The judgment and order appealed from, therefore, should be reversed and a new trial ordered, with costs to appellant to abide event.

PATTERSON, P. J., and LAUGHLIN and HOUGHTON, JJ., concur. SCOTT, J., dissents.